UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOZANO,<br><br>    Plaintiff,<br><br>    v.<br><br>BUTTE COUNTY et al.,<br><br>    Defendant. | No. 2:22-cv-01313-TLN-DMC<br><br>**ORDER** |

    This matter is before the Court on Defendants Butte County (the "County"), Butte County Board of Supervisors, Butte County Department of Developmental Services, Paula Daneluk, Bill Connelly, Steve Lambert, and Doug Teeter's (collectively, "Defendants") Motion to Dismiss. (ECF No. 11.) Plaintiff Rafael Lozano ("Plaintiff") filed an opposition and Defendant filed a reply. (ECF Nos. 13, 14.). For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Butte County Code regulates the cultivation of marijuana in Butte County. *See* Butte County Code ("BCC") Chapter 34-A and Chapter 34-C. Pursuant to the BCC, if the County becomes aware of a violation of this ordinance, a Code Enforcement Officer posts a 72-hour Notice to Abate at the entrance of the property. *Id.* If the property owner does not abate the nuisance within 72 hours, the county assesses a penalty of $500 per day and schedules a nuisance abatement hearing. *Id.* If the nuisance remains, the penalty increases to $1000 per day. *Id.*

Plaintiff owns a 159-acre parcel of land in Butte County, California (the "Property"). (ECF No. 1 at ¶ 12.) In July 2019, Plaintiff received notice of a nuisance complaint for marijuana growing on the Property in violation of the BCC. (ECF No. 1 at 30–31.) Plaintiff did not abate the nuisance until September 5, 2019. (ECF No. 11-2 at 6.) In October 2019, the County held a nuisance abatement hearing; the hearing officer found that Plaintiff had created a nuisance and awarded the County $8500 in administrative penalties. (ECF No. 1 at ¶ 13.)

Plaintiff objected to the abatement costs in writing and then filed a Petition for Writ of Mandamus in the Butte County Superior Court. (ECF No. 1 at ¶ 14, 16.) In his writ petition, Plaintiff argued the County could not impose a lien on his property for the unpaid abatement costs because he abated the nuisance. (ECF No. 11 Exhibit A at 3.) In other words, Plaintiff challenged whether the county properly assessed abatements cost pursuant to the BCC. (*Id.*) On June 10, 2020, the Butte County Superior Court denied the petition and issued a statement of decision finding that the County properly assessed abatement costs and properly imposed a lien on Plaintiff's property pursuant to the BCC. (*Id.* at 8.) On January 11, 2021, the Butte County Recorder's Office recorded the lien. (ECF No. 1 at ¶ 8.)

Plaintiff filed the instant action against Defendants on July 25, 2022. (ECF No. 1.) Plaintiff alleges four claims: (1) violation of his Fifth Amendment rights under 42 U.S.C. § 1983 ("§ 1983"); (2) injunctive relief pursuant to his § 1983 claim; (3) declaratory relief pursuant to his § 1983 claim; and (4) clouding of title under California law. (ECF No. 1 at 7–10.) On December 12, 2022, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (ECF No. 11.) In the motion, Defendants argue (1)

Plaintiff's § 1983 claim is barred by issue preclusion, (2) Plaintiff's § 1983 claim fails as a matter of law, and (3) the court should decline to exercise supplemental jurisdiction over Plaintiff's state law slander of title claim. (*Id.* at 5–9.) On December 26, 2022, Plaintiff filed an opposition and on January 5, 2023, Defendants filed a reply. (ECF Nos. 13, 14)

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

1    statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences
2    are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355,
3    F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the
4    plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws
5    in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*
6    *Council of Carpenters*, 459 U.S. 519, 526 (1983).

7    Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
8    facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim
9    has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
10   reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
11   680. While the plausibility requirement is not akin to a probability requirement, it demands more
12   than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility
13   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial
14   experience and common sense." *Id.* at 679. Thus, only where a plaintiff fails to "nudge [his or
15   her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
16   dismissed. *Id.* at 680 (internal quotations omitted).

17   In ruling on a motion to dismiss, a court may consider only the complaint, any exhibits
18   thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.
19   *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v.*
20   *Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998); *see also Daniels-*
21   *Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (the court need not accept as true
22   allegations that contradict matters properly subject to judicial notice).

23   If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
24   amend even if no request to amend the pleading was made, unless it determines that the pleading
25   could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
26   1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
27   *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
28   denying leave to amend when amendment would be futile). Although a district court should

freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III. ANALYSIS

#### A. Defendants' Request for Judicial Notice

Defendants filed a request for judicial notice of Exhibits A through D. (*See* ECF No. 11-2.) "Generally, a district court may not consider any material beyond the pleadings in a ruling on a 12(c) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, a court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Proceedings and determinations of the courts are a matter of public record suitable for judicial notice. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988).

Exhibit A is a Statement of Decision in *Rafael Lozano v. Butte County Department of Developmental Services, Butte County Board of Supervisors*, Case No. 20CV00226, filed in Butte County Superior Court on June 10, 2020. (ECF No. 11-2 at 4.) Exhibit B is an Order for the Return or Destruction of Exhibits in Case No. 20CV00226. (ECF No. 11-2 at 13.) Exhibit C is Butte County's Code of Ordinances, Chapter 34A, Medical Marijuana Cultivation Regulation. (ECF No. 11-2 at 15–30.) Exhibit D is Butte County's Code of Ordinances, Chapter 34C, Nonmedical Marijuana Cultivation Regulation. (ECF No. 11-2 at 32–44.) As Exhibits A–D are all "matters of public record" or "proceedings and determinations of the courts," Defendants' request for judicial notice of Exhibits A, B, C, and D is therefore GRANTED.

#### B. Issue Preclusion

Defendants argue the Butte County Superior Court's decision should have a preclusive effect on this case. (ECF No. 11-1 at 5.) In June 2020, Plaintiff filed a Petition for Writ of Mandamus against the Butte County Department of Development Services and the Butte County Board of Supervisors arguing the County could not impose a lien on his property because he abated the nuisance and various state laws preempted enforcement (Cal. Gov. Code § 54988; Cal.

1  Civ. Code § 2881). (ECF No. 11-2 at 9–11.) The Butte County Superior Court issued a
2  statement of decision rejecting each of these arguments. (*Id.* at 11.)

3  Defendants argue this decision should preclude Plaintiff from bringing the instant case.
4  However, it is unclear whether Defendants advance an argument of claim preclusion, issue
5  preclusion, or some combination of the two. Initially, Defendants contend the claim is barred by
6  issue preclusion, but in the very next sentence Defendants define claim preclusion. (ECF No. 11-
7  1 at 5.) Defendants then merge the two doctrines into a single argument, stating, "the elements
8  for applying either claim preclusion or issue preclusion to a second action are the same." (*Id*.)
9  For these reasons, Defendants' argument lacks clarity because while issue and claim preclusion
10 share certain features, they remain distinct doctrines. Though it is unclear whether Defendants
11 assert issue preclusion or claim preclusion, the Court nonetheless addresses both.

12 Issue preclusion prevents "a party to prior litigation from re-disputing issues therein
13 decided against him." *Torres v. Carescope, LLC*, No. 15-cv-0198-TLN-CKD, 2020 WL
14 6939032, at *6 (E.D. Cal 2020) (quoting *Smith v. ExxonMobil Oil Corp*., 153 Cal. App. 4th 1407,
15 1414 (2007)). Issue preclusion applies "(1) after final adjudication (2) of an identical issue (3)
16 actually litigated and necessarily decided in the first suit and (4) asserted against one who was a
17 party in the first suit or one in privity with that party." *Id.* (quoting *DKN Holdings LLC*, 61 Cal.
18 4th 813, 825 (2015)). Here, the first element is met because a petition for a writ of mandamus
19 can constitute a final adjudication. *See Schmidt v. County of Nevada*, 808 F.Supp.2d 1243, 1251
20 (2011) (explaining that "a special proceeding will have issue preclusive effect as long as the
21 elements of collateral estoppel are met."). The second element, however, is not met because the
22 writ proceedings were materially different than the instant case. The writ proceedings considered
23 whether the County properly placed the lien on Defendant's property pursuant to the BCC,
24 whereas the instant case considers whether the lien violates Plaintiff's Fifth Amendment rights
25 under § 1983. These are distinct issues and issue preclusion does not apply.

26 Claim preclusion "prevents relitigation of the same cause of action in a second suit
27 between the same parties or parties in privity with them." *Mycogen Corp. v. Monsanto*, 28 Cal.
28 4th 888, 896 (2002). Claim preclusion "arises if a second suit involves (1) the same cause of

6

1  action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN*

2  *Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015).  Here, the second and third elements are

3  met, so the Court need only determine whether the instant case qualifies as the same "cause of

4  action."

5       Parties may not raise issues they could have raised in a prior action — even if those claims

6  were not actually litigated.  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.* 140

7  S.Ct. 1589, 1594 (2020).  Suits involve the same cause of action when they "'aris[e] from the

8  same transaction,'" *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011) (quoting

9  *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 482, n. 22, (1982)), or involve a "common

10  nucleus of operative facts," Restatement (Second) of Judgments § 24, Comment *b*, p. 199 (1982)

11  (Restatement (Second)).  There is no evidence before the Court to support a conclusion that this

12  suit involves the same cause of action as the writ proceeding, and Defendant provides no

13  persuasive argument to the contrary.  Accordingly, the Court finds this suit does not involve the

14  same cause of action.

15       For these reasons the Court finds Plaintiff's claims are not barred by issue preclusion or

16  claim preclusion.  The Court turns to the Defendant's remaining arguments for dismissal.

17           C.     <u>§ 1984 Claim</u>

18       Butte County placed a lien on Plaintiff's property to enforce BCC 34A-13 and BCC 34C-

19  13. (ECF No. 1 at ¶ 17.)  In his complaint, Plaintiff alleges this lien is "a 'taking' of his private

20  property without just compensation," but fails to specify the type of taking.  (ECF No. 1 at ¶ 24.)

21  Defendants move to dismiss Plaintiff's § 1984 claim, arguing it fails as both a regulatory and

22  physical taking.  (ECF No. 11-1 at 7; ECF No. 14 at 4–6.)  In opposition, Plaintiff attempts to

23  clarify that the lien is a per-se physical taking and even if it were a regulatory taking, the $8,500

24  lien is "significant" and thus amounts to an impermissible regulatory taking.  (ECF No. 13 at 12.)

25  The Court will evaluate the parties' arguments in turn.

26  ///

27  ///

28  ///

*i.     Regulatory Taking*

Turning first to the issue of a regulatory taking. The Takings Clause of the Fifth Amendment prohibits the government from taking "private property . . . for public use, without just compensation." U.S. CONST. amend. V. To determine whether a regulation rises to the level of a taking, we look to the Supreme Court's holding in *Penn Central Transportation Co. v. City of N.Y.,* 438 U.S. 104 (1978) ("*Penn Central*"). Under *Penn Central*, the Court evaluates the following three factors: (1) the "economic impact of the regulation," (2) "the extent to which the regulation has interfered with distinct, investment-backed expectations;" and (3) the character of the regulation. *Id.* at 124. Plaintiff does not allege the BCC regulations interfered with investment-backed expectations, so only the first and third factors are relevant here. (*See generally* ECF No. 1 at 8; ECF No. 13 at 12–13.)

With respect to the first factor, Defendants allege Plaintiff has not demonstrated significant economic impact. (ECF No. 11-1 at 7.) Plaintiff disagrees, arguing "the $8500.00 lien is significant, and getting more significant all the time." (ECF No. 13 at 12–13.) Defendants reply, asserting Plaintiff alleges no facts indicating that $8,500 is significant. (ECF No. 14 at 6.)

In analyzing the economic impact of a regulation, the Court "compare[s] the value that has been taken from the property with the value that remains in the property." *Bridge Aina Le'A, LLC v. Land Use Commission*, 950 F.3d 610, 630-31 (internal quotation marks omitted). There is no hard and fast test here — the court simply tries to "identify regulatory actions that are functionally equivalent to the classic taking in which the government directly appropriates private property." *Id.* at 631 (quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005)). The Ninth Circuit has observed that "diminution in property value because of governmental regulation ranging from 75% to 92.5% does not constitute a taking." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 451 (9th Cir. 2018) (citing *MHC Fin. Ltd. P'tship v. City of San Rafael*, 714 F.3d 1118, 1127-28 (9th Cir. 2013)).

In the instant case, the Court is unable to compare the value of the lien with the value of the Property as Plaintiff has failed to allege facts related to the value of the property. Plaintiff's omission of these facts makes it impossible for the Court to assess the economic impact of this

alleged taking. Plaintiff's mere allegations that the lien is significant are conclusory and unsupported by factual allegations and thus inadequate. Accordingly, the Court cannot find the lien has a "significant" economic impact.

With respect to the third factor, Defendants allege Plaintiff has not addressed the character of the regulation. (ECF No. 14 at 5–6.) In analyzing the character of a regulation, the Court considers whether the regulation amounts to a physical invasion — which is more likely to be a taking — or a regulation intended to "promote the common good" — which is less likely to be a taking. *Lingle*, 544 U.S. at 539 (citing *Penn Central*, 438 U.S. at 124). In the instant case, Plaintiff has offered neither facts nor arguments demonstrating that the BCC provisions constitute a physical taking, rather than a standard nuisance ordinance. In other words, the complaint is devoid of allegations that demonstrate the lien at issue amounts to a physical invasion of Plaintiff's property. As a result, Plaintiff claim also fails under the third factor of *Penn Central*.

         ii.  *Physical Taking*

Plaintiff argues that executing and recording a lien against Plaintiff's property constitutes a physical taking. (ECF No. 13 at 12.) Defendants argue Plaintiff's § 1984 claim also fails as a physical taking. (ECF No. 14 at 4–6.)

A permanent physical occupation of a property is a taking, regardless of the measure of economic loss. *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982). In analyzing this type of taking, "the essential question. . . is whether the government has physically taken property for itself or someone else." *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063, 2072 (2021). Plaintiff argues that when it redistributed nuisance fines among enforcement departments, Butte County took money "for themselves." (ECF No. 13 at 12.) But Plaintiff fails to allege any facts demonstrating the government has "physically taken property." *Cedar Point Nursery*, 141 S.Ct at 2072. In *Cedar Point*, the Court described a series of situations — requiring cable lines to be installed on a house, creating an easement to a beach, and compelling access to a marina — in which the government forced a property owner to suffer a physical invasion. *Id*. at 2073–74. In each of these cases, the Court found the government committed a *per se* physical taking. *Id*. Here, there is no physical invasion. Plaintiff merely asserts "Defendants have

9

physically taken property by recording a lien." (ECF No. 13 at 12.) This conclusory statement lacks both particularity and factual support. Indeed, a lien is not a physical taking: it is merely a legal right acquired in a property. *See Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1213 (9th Cir. 2020) (holding that "Because Wells Fargo's lien was an intangible interest, we are not sure that it makes sense to apply the analysis applicable to physical takings."). Plaintiff's allegation otherwise defies both established law and the plain meaning of the word "physical."

In sum, Plaintiff does not sufficiently allege a regulatory or a physical taking. Because Plaintiff fails to establish a regulatory or a physical taking, Plaintiff's § 1984 claims against Defendants are dismissed with leave to amend.

### D.    State Law Slander of Title Claim

The only remaining claim is Plaintiff's state law slander of title claim. (ECF No. 1 at at ¶ 35–39.) Defendants move to dismiss Plaintiff's state law slander of title claim, arguing the Court should decline to exercise supplemental jurisdiction over this claim once all of Plaintiff's federal claims are dismissed. (ECF No. 11-1 at 9.) In opposition, Plaintiff asks for leave to amend his pleading to include California Government Code Section 820(a) but fails to explain why the Court should exercise supplemental jurisdiction over the state law claim. (ECF No. 13 at 15.)

The supplemental jurisdiction statute, 28 U.S.C. § 1367, grants federal courts supplemental jurisdiction over claims where no original jurisdiction exists. *See generally* 28 U.S.C. § 1367. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court may decide sua sponte whether to continue exercising supplemental jurisdiction after dismissing federal claims. *See Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). State courts, however, have the primary responsibility for applying state law. *See Yuhre v. JP Morgan Chase Bank*, 2010 WL 1404609, at *8 (E.D. Cal. Apr. 6, 2010). With this principle in mind, the Court declines to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claim. Accordingly, Claim Four is dismissed without prejudice. (*See* 28 U.S.C. § 1367(c)(3)). Plaintiff

may reassert this claim in his amended complaint should he chose to file one.

**IV.  CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 11) with leave to amend. Plaintiff may file an amended complaint within thirty (30) days of the electronic filing date of this Order. Defendant shall file a responsive pleading not later than twenty-one (21) days from the electronic filing date of Plaintiff's amended complaint. If Plaintiff opts not to file an amended complaint, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

Date:  August 10, 2023

_____
Troy L. Nunley
United States District Judge